606 N.W.2d 650 (2000)
MICHIGAN CONSOLIDATED GAS COMPANY, Plaintiff-Appellant-Cross-Appellee,
v.
SAVOY OIL & GAS, INC. Shareholder Trust and Thomas C. Pangborn, as Trustee, Defendants-Appellees-Cross-Appellants.
Docket No. 113648, COA No. 199620.
Supreme Court of Michigan.
March 7, 2000.
On order of the Court, the application for leave to appeal from the July 10, 1998, decision of the Court of Appeals and the application for leave to appeal as cross-appellant are considered, and they are DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
In denying leave to appeal, we observe that, in addition to the ambiguities noted in the opinion of the Court of Appeals, there is a further ambiguity. Michigan Consolidated, on the one hand, contends that the disputed clause commits the parties to sell and to buy gas so long as it meets each of three conditions. That is, Michigan Consolidated interprets this clause as delineating a three-element list of conditions precedent to the mutual commitments:
Seller commits to the performance of this Agreement all gas reserves [1] in the formations and strata above the base of the Niagaran Formation [2] which are attributable to any interest in such gas now or hereafter owned by Seller, and [3] [which are] produced from the wells shown in Exhibit "A."
Savoy Oil & Gas, on the other hand, interprets the same clause as committing the parties to sell and to buy all gas extracted from a specifically named area and all gas produced from specifically named wells. That is, Savoy Oil & Gas interprets this clause as delineating a two-element list of commitments:
Seller commits to the performance of this Agreement all gas reserves [1] in the formations and strata above the base of the Niagaran Formation which are attributable to any interest in such gas now or hereafter owned by Seller, and [2] produced from the wells shown in Exhibit "A."
On the record at hand, we cannot conclude that either of these interpretations is unreasonable.
CORRIGAN, J., would grant leave to appeal.